## STATE ex CARTER v MERRELL

Ohio Appeals, 2nd Dist, Franklin Co

No 2294.  Decided Nov 22, 1933

Woeste & Quin, Cincinnati, Hamilton & Kramer, Columbus, for relator.

John W. Bricker, Attorney General, Columbus, and Isadore Topper, Asst. Attorney General, Columbus, for respondent.

## OPINION

By KUNKLE, J. .

We have considered these briefs with care, but shall not attempt to discuss either

the testimony or the authorities in detail. The same have been stated by counsel in much detail in their briefs and counsel are therefore familiar with the authorities and the evidence relied upon.

We will merely announce the conclusion at which we have arrived after an examination of the testimony and the briefs of counsel.

The rule is well established in this state that a relator is not entitled to a mandatory order unless he has shown a clear right thereto.

We cannot escape the conclusion that the relator has failed to establish such right. We think he was subject to the provisions of §11 of Rule 10 of the regulations promulgated by the Civil Service Commission; that his employment was seasonal and that he was originally laid off as a part of the plan adopted by various departments of Ohio to reduce the expenses of their respective departments.

The right to lay off employees either in the classified service or otherwise by reason of a lack of funds has been settled by our Supreme Court in the case of **Curtis v State ex Morgan, 108 Oh St, page 292.** Also in **Van Such, Director of P. S. & S. et v State ex Fetch et, 112 Oh St, page 688.**

We are also of opinion that this court would not be warranted in issuing the writ for the reason that relator has been guilty of laches in commencing his action in this court.

We have had occasion to consider this question at different times and are of opinion that under the facts in this case the relator has been guilty of such laches as would preclude him from the writ sought. This subject is also discussed by our Supreme Court in **State v Witters, 114 Oh St, 357,** wherein the syllabus states:

"The court, in the exercise of its discretion may refuse to issue a writ of mandamus in favor of relator who has allowed an unreasonable time to elapse before bringing his action; especially where such delay may be prejudicial to the rights of the respondent."

We have considered all the questions urged by counsel for relator and upon such consideration are of opinion that he is not entitled to the relief sought and the petition will therefore be dismissed.

HORNBECK, PJ, and BARNES, J, concur.